# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DARREN WOODRUFF                                                           PETITIONER
ADC #99005

V.                              NO. 5:13CV00317 KGB/JTR

RAY HOBBS, Director,                                                      RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Darren Woodruff. *Doc. #2*. Respondent filed a Motion to Dismiss and Brief in Support, to which Petitioner filed a Response. *Docs. #7, #8 & #10*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the

procedural history of the case.

In April 1992, a jury in Chicot County, Arkansas convicted Petitioner of capital murder. He was sentenced to life imprisonment without the possibility of parole.

On June 28, 1993, the Arkansas Supreme Court affirmed Petitioner's conviction. *Woodruff v. State*, 856 S.W.2d 299 (Ark. 1993).

On August 11, 1993, Petitioner filed in the trial court a timely *pro se* petition for post-conviction relief under Ark. R. Crim. P. 37, raising the same claims that he now asserts in this § 2254 action. (Resp't Ex. A.) *See* Ark. R. Crim. P. 37.2(c)(ii) (2013) (petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction).[1]

On January 10, 2000, the trial court entered an order denying the Rule 37 petition. Petitioner did not file a timely notice of appeal of the trial court's order of denial. *See* Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal must be filed within thirty days of order denying Rule 37 petition).

Petitioner then waited six years, until January 2006, to file in the Arkansas Supreme Court a *pro se* motion for belated appeal of the trial court's order. On February 16, 2006, the Arkansas Supreme Court denied Petitioner's motion on the basis that it was not filed in a timely manner. *Woodruff v. State*, No. CR 06-13, 2006

---

[1] The sixty-day time limitation has been in effect since January 1, 1991. *See* Ark. R. Crim. P. 37.1 publisher's notes.

WL 349696 (Ark. Sup. Ct. Feb. 16, 2006) (unpublished *per curiam*); *see* Ark. R. App. P-Crim. 2(e) ("[N]o motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of ... the order denying postconviction relief[.]").

On September 30, 2013, Petitioner initiated this *pro se* habeas action. *Doc. #2*. In his Petition, he argues that:

     (1)    He was denied due process and equal protection of the laws when the trial court failed to inform of his right to proceed under Rule 36.4 of the Arkansas Rules of Criminal Procedure;

     (2)    His trial counsel was ineffective for failing to seek to quash the charging information or otherwise challenge Petitioner's prosecution and sentence for the offense of capital murder;

     (3)    His trial counsel was ineffective for failing to object to jury instructions on both capital murder and first degree murder, or to challenge the jury's "arbitrary election" of the offense of capital murder;

     (4)    His trial counsel was ineffective for failing to challenge the use of Arkansas's mandatory capital sentencing scheme, which did not allow for individualized sentencing; and

     (5)    His trial counsel was ineffective for failing to persuade the trial court to allow impeachment of a rebuttal witness.

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas petitions. For the reasons discussed below, the Court recommends that the Petition be denied as untimely.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Because a criminal defendant may seek certiorari review of his conviction with the United States Supreme Court, his state court judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," or, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On June 28, 1993, the Arkansas Supreme Court affirmed Petitioner's conviction. He elected not to file a petition for writ of certiorari with the United States Supreme Court. Thus, his conviction became "final" on September 26, 1993, when the ninety-day period for seeking certiorari expired.[2] Petitioner initiated this federal habeas action on September 30, 2013, *almost twenty years later*.[3]

---

[2]*See* U.S. Sup. Ct. R. 13.1.

[3]Although the Clerk of Court received and file-stamped Petitioner's § 2254 Petition on October 3, 2013, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if "deposited in the institution's internal mailing system on or before the last day for filing"). The Court has accepted Petitioner's sworn declaration that he placed his Petition in the prison mailing system on September 30,

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Thus, the one-year period for Petitioner's filing of a federal habeas petition was statutorily tolled from the timely filing of his Rule 37 petition on August 11, 1993, until January 10, 2000, when the trial court denied the petition.[4]

However, the limitations period was *not* tolled during the six-year period between the trial court's denial of Petitioner's Rule 37 petition and the filing of his motion for belated appeal in January 2006. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (state post-conviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "*provided that* the filing of the notice of appeal is timely under state law") (citing *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002)); *Streu*, 557 F.3d at 966-67 (state post-conviction application is not "pending" between expiration of the time for appeal and the filing of a motion for belated appeal).

Furthermore, Petitioner's motion for belated appeal had no statutory tolling effect whatsoever because it was filed *after* the statute of limitations had already run.

---

2013. *Doc. #2*, at 10.

[4]Respondent does not contend that the Rule 37 petition was not "properly filed," and assumes that Petitioner is entitled to statutory tolling during its pendency. *Doc. #8, at 3-4*. However, this Court is required to determine independently whether the state court proceedings were timely. *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir. 2006).

6

*See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010). Petitioner has not shown that he is entitled to equitable tolling under this standard.

First, Petitioner has not demonstrated that he pursued his rights "diligently." After the trial court denied his Rule 37 petition in January 2000, Petitioner waited six years before attempting to appeal that decision. Then, when the Arkansas Supreme Court denied his motion for belated appeal, Petitioner waited another seven years before initiating this federal habeas action. This clearly does *not* show any diligence by Petitioner. *See Pace v. Diguglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction

proceeding).

Second, Petitioner has not demonstrated any "extraordinary circumstance" as required by *Holland*. He makes three arguments in support of "extraordinary circumstances": (1) his *pro se* status in this § 2254 action; (2) the denial of counsel in his Rule 37 state post-conviction proceedings; and (3) the United States Supreme Court's recent decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

In addition, *Martinez* and *Trevino* clearly are inapplicable. In those cases, the Supreme Court narrowly proscribed the circumstances under which lack of counsel, or ineffective assistance of counsel, at the initial step of state post-conviction review could establish "cause" to excuse a habeas petitioner's procedural default of an ineffective assistance of counsel claim. Nothing in the holdings in either case provides a basis for excusing a prisoner's compliance with the one-year statute of limitations for filing a § 2254 habeas action in federal court. *See Arthur v. Thomas*, 739 F.3d 611,

8

628-31 (11th Cir. 2014) (holding that "the reasoning of the *Martinez* rule does not apply to ... [the one-year] limitations period in § 2254 cases or any potential tolling of that period"), *petition for cert. filed*, No. 13-1451 (U.S. June. 5, 2014).

Accordingly, all of Petitioner's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss, *Doc. #7*, be GRANTED, and that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. #2*, be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 11th DAY OF June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE